UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,      Case No. 16-20817

v.                            Judith E. Levy
                             United States District Judge

Demitrius Elijah-Patrick
Manderfield,              Mag. Judge Anthony P. Patti

        Defendant.

_____/

## OPINION AND ORDER DENYING TIA SUMNER'S REQUEST FOR COMPASSIONATE RELEASE FOR DEMITRIUS MANDERFIELD [94]

Before the Court is *pro se* filer Tia Sumner's request for compassionate release for Demetrius Manderfield. (ECF No. 94.) In her request, Ms. Sumner states that she is Defendant's mother.

On June 12, 2018, the Court sentenced Defendant to 120 months' imprisonment after he pleaded guilty to one count of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a)(1). (ECF No. 74.) Defendant has previously moved for compassionate release and/or a reduction of his

sentence. (*See* ECF Nos. 77, 91.) The Court denied these motions. (ECF Nos. 86, 93.)

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence may be filed the Director of the Bureau of Prisons ("BOP") or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted).

In resolving compassionate release motions, courts in the Sixth Circuit apply a three-step inquiry. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those

requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Court must find that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, and (5) "Other Reasons." *See* U.S.S.G. § 1B1.13(b)(1)–(5); *see also United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025) (holding that U.S.S.G. § 1B1.13(6) is invalid and may not be considered). Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* at § 1B1.13(b)(5).

First, Ms. Sumner's motion is improperly filed. As a self-represented person, Ms. Sumner cannot file motions on behalf of her son. *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir.

3

2014). Further, 18 U.S.C. § 3582(c)(1)(A) specifies that a motion for compassionate release or modification of a sentence may be filed by either Defendant or the Director of the BOP. Ms. Sumner is neither Defendant himself nor the Director. As such, the Court cannot grant relief to Ms. Sumner's request.

Even if Ms. Sumner's request was properly filed by Defendant Manderfield, it is deficient. There is no indication that Defendant has exhausted his administrative remedies. Pursuant to 18 U.S.C. § 3582(c)(1)(A), an imprisoned person may file a motion for compassionate release "after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1104–05 (citations omitted). Defendant has not exhausted the BOP's administrative process. As such, the Court will not grant this motion for compassionate release.

For the reasons set forth above, the Court DENIES Tia Sumner's compassionate release request. (ECF No. 94.)

IT IS SO ORDERED.

Dated: October 22, 2025　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

　　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 22, 2025.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager