# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                     Plaintiff,        Case No. 16-20817

v.                                   Judith E. Levy
                                   United States District Judge

Demitrius Elijah-Patrick
Manderfield,                      Mag. Judge Anthony P. Patti

                     Defendant.

_____/

## ORDER GRANTING MOTION TO SEAL [106]

Before the Court is the government's motion to file an exhibit under seal. (ECF No. 106.) The government moves to file under seal Defendant Demitrius Manderfield's medical records that are relevant to his motion for compassionate release. The government's motion is granted for the reasons set forth below.

Eastern District of Michigan Local Rule 5.3 governs material filed under seal.[1] "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d

---

[1] Local Rule 5.3 applies to both civil and criminal matters. *See* Local Rule 1.1(c).

299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Group*, 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

The Court finds that the first factor, why the interests in support of nondisclosure are compelling, is fulfilled. Defendant has a strong interest in nondisclosure of his medical records to the public because of the personal and private nature of those records.

The second factor also favors sealing of the records. There is little interest to the public in accessing Defendant's personal medical records.

The third factor is fulfilled as well. The government only seeks to seal the medical records. The dispute regarding Defendant's medical treatment is still accessible to the public.

In conclusion, the government's motion to seal is GRANTED.

IT IS SO ORDERED.

Dated: May 12, 2026                          s/Judith E. Levy
Ann Arbor, Michigan                          JUDITH E. LEVY
                                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 12, 2026.

                                             s/William Barkholz
                                             WILLIAM BARKHOLZ
                                             Case Manager

3