**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**


United States of America,

       Plaintiff,    Case No. 16-20817

v.            Judith E. Levy
             United States District Judge

Demitrius Elijah-Patrick
Manderfield,

       Defendant.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
DEFENDANT DEMITRIUS ELIJAH-PATRICK MANDERFIELD'S
MOTION FOR COMPASSIONATE RELEASE [99]**

Before the Court is Defendant Demitrius Elijah-Patrick Manderfield's motion for compassionate release, which was filed on April 9, 2026. (ECF No. 99.) The government filed a response on April 20, 2026. (ECF No. 103.) Additionally, the Court requested supplemental information from the government (ECF Nos. 104, 109), which was supplied. (ECF Nos. 105, 108, 110, 113.) Defendant has filed for compassionate release several times. (ECF Nos. 77, 87, 91.)

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence may be filed the Director of the Bureau of Prisons ("BOP") or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted).

In resolving compassionate release motions, courts in the Sixth Circuit apply a three-step inquiry. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of

imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Court must find that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, and (5) "Other Reasons." *See* U.S.S.G. § 1B1.13(b)(1)–(5); *see also United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025) (holding that U.S.S.G. § 1B1.13(6) is invalid and may not be considered). Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* at § 1B1.13(b)(5). Rehabilitation alone does not qualify as an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* at § 1B1.13(d).

Here, Defendant requests compassionate release because he believes he will not receive treatment for his sickle cell disease during his remaining months in custody. (ECF No. 99, PageID.2266.) According to Defendant, he has received monthly blood transfusions his entire life, but, on March 24, 2026, "during my regular monthly blood transfusion appointment the doctor at Union Hospital told me that I won't need any more blood exchanges until my release which is 4 months from now." (*Id.*)

Defendant's motion for compassionate release is denied.

First, as raised by the government (*see* ECF No. 103, PageID.2276), Defendant has not demonstrated that he exhausted his administrative remedies. Pursuant to 18 U.S.C. § 3582(c)(1)(A), an imprisoned person may file a motion for compassionate release "after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1104–05 (citations omitted). Defendant, in his motion, states that he has exhausted his administrative remedies. (ECF No. 99, PageID.2266.) As evidence of exhaustion, Defendant attaches an "Inmate Request to Staff Member Response" from "B. Lammer, Complex Warden" dated February 25, 2026 that references a request for compassionate

4

release made by Defendant and denied by the Warden at an unspecified time. But Defendant alleges that he was informed on March 24, 2026 that he would not receive blood transfusions in the future. Based on Defendant's own filings, it is unlikely that he has exhausted his administrative remedies given that the basis for his motion for compassionate release arose after his request for compassionate release was denied by the Warden.[1]

Second, Defendant's motion is denied because he has not shown extraordinary or compelling reasons for compassionate release. As relevant here, the medical circumstances of a defendant can constitute extraordinary and compelling reasons under the Sentencing Commission's policy statement when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care

---

[1] The government represents that Defendant did not exhaust his administrative remedies and that the Bureau of Prisons "has no record of Manderfield submitting a request for compassionate release." (ECF No. 103, PageID.2276; *see also* ECF No. 103-1.)

that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).[2]

Defendant represents that he was informed that he will not be receiving blood transfusions for the last months of his incarceration. (ECF No. 99, PageID.2267–2268.) However, records submitted by the government demonstrate that there are hemoglobin and reticulocyte tests scheduled for Defendant on May 27, June 27, and July 27, 2026. (ECF No. 113-1, PageID.2321–2322.) According to the government, if these tests indicate that Defendant needs a transfusion, the transfusion will be scheduled. As such, Defendant has not demonstrated that his medical condition is not being treated at this time.

The Court acknowledges and appreciates Defendant's statement that he is ready to reenter society and that his "past life is in the past." (ECF No. 99, PageID.2267.) But the Court may not consider rehabilitation on its own as an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(d).

---

[2] Other medical circumstances can constitute "extraordinary and compelling reasons," *see* U.S.S.G. § 1B1.13(b)(1), but those other circumstances do not appear relevant here.

6

Because the Court does not find that there are extraordinary and compelling circumstances, the Court need not address the remaining 18 U.S.C. § 3582(c)(1)(A) factors. *See United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021).

Defendant's motion for compassionate release (ECF No. 99) is DENIED WITHOUT PREJUDICE. Defendant may refile his motion in the event that his medical conditions are not treated.

IT IS SO ORDERED.

Dated: May 20, 2026                    s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                       United States District Judge


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager